UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. |
| **SOUTH LOUISIANA ETHANOL, LLC** | **09-12676** |
| DEBTOR | SECTION A |
| | CHAPTER 11 |
| **SOUTH LOUISIANA ETHANOL, LLC** | ADVERSARY NO. |
| PLAINTIFF | **11-1039** |
| VERSUS | |
| **ERIC JACOB MESSER, ET AL** | |
| DEFENDANTS | |

## REASONS FOR DECISION

This matter came before the Court on the Motions to Dismiss[1] filed by Southern Scrap Material Co., LLC ("Southern Scrap") and 1 Fireman's Fund Insurance Co. ("Fireman's Fund") and the Request for Leave to File Amended Complaint filed by South Louisiana Ethanol, LLC ("SLE").[2] SLE filed suit against Southern Scrap and Fireman's Fund, among others, alleging the following causes of action:

(1) Breach of contract of deposit pursuant to La. Civil Code articles 2926, *et seq*.,

(2) Conversion,

(3) Fraudulent appropriation pursuant to La. R.S. 51:574 and 51:576;

(4) Fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)B);

---

[1] Pleadings 17 and 24.

[2] Pleading 31.

(5) Conspiracy to issue a fraudulent invoice pursuant to La. Civil Code articles 1953 and 2324; and

(6) Breach of fiduciary duty.

Southern Scrap and Fireman's Fund contend that SLE's claims against them should be dismissed pursuant to FRBP 7012(b) because SLE has failed to adequately plead certain causes of action for which it seeks relief.[3] Specifically, Southern Scrap avers that SLE failed to properly plead a cause of action in conversion, for fraudulent conveyance or fraudulent transfer. In addition, it also alleges that SLE lacks standing to assert these causes of action and that its alleged claims in conversion are prescribed. Fireman's Fund claims that SLE failed to properly plead a cause of action based on breach of deposit.

## I. Jurisdiction

Southern Scrap and 1 Fireman's Fund filed a Motion to Withdraw Reference to the Bankruptcy Court alleging lack of subject matter jurisdiction and judicial economy.[4] The United States District Court found the Motion to Withdraw Reference to be without merit and denied the request.[5] As a result, this Court has jurisdiction over the issues presented pursuant to 28 U.S.C. §§1334(b) and 157.

## II. Standard for Motion to Dismiss

FRCP 12(b)(6) is made applicable to this proceeding by FRBP 7012(b). Motions to dismiss pursuant to FRCP 12(b)(6) are "construe[d] in the light most favorable to the nonmoving party" and

---

[3] Pleadings 17 and 24.

[4] Pleading 32.

[5] Pleading 50.

are "rarely granted."[6]

> Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." To satisfy the standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations."[7]

**III. Failure to Preserve the Cause of Action and Standing**

11 USC § 1123(b)(3) allows a debtor to preserve in its plan the right to bring a claim. This reservation must be "specific and unequivocal."[8] "[A] debtor must put its *creditors* on notice of any claim it wishes to pursue after confirmation."[9]

Neither Southern Scrap nor Fireman's Fund are creditors of SLE, so SLE was not required to serve its Disclosure Statement and Plan upon them. As such, Southern Scrap and Fireman's Fund do not have standing to "assert a notice objection to the claims reservation based on section 1123(b)(3)(B)."[10]

SLE did, however, put its creditors on notice that it was retaining such causes of action. In Section 8(B) of SLE's approved Disclosure Statement,[11] SLE specifically reserved all of its rights to:

---

[6] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Circuit 2011).

[7] *Id.*

[8] *In re United Operating, LLC*, 540 F.3d 351, 355 (5th Cir. 2008), *citing Harstad v. First Amercian Bank*, 39 F.3d 898, 902 (8th Cir. 1994).

[9] *Id.* (emphasis added).

[10] *In re Commercial Loan Corp.* 363 B.R. 559, 570 (Bankr.N.D.Ill. 2007).

[11] Pleading 401, p. 39.

3

> ii). Prosecute and/or defend any claims of third parties who were custodians of SLE's equipment or attachments thereto who may have damaged and/or sold these movables, without permission and consent of SLE. ...
>
> vii). Causes of action relating to equipment formely in possession or control of Precision Combustion Technology, LLC ["PCT"] or Agrico.

In addition, in Section 9.03 of the confirmed plan,[12] SLE reserved the rights to:

> b.) Prosecute and/or defend any claims of third parties who were custodians of SLE's equipment or attachments thereto who may have damaged and/or sold these movables, without permission and consent of SLE.

All of SLE's creditors were served with both the Disclosure Statement and Plan. The Court finds that the retention of rights was sufficient to put SLE's creditors on notice of the claims SLE planned to pursue.

## IV. Prescription on Claim of Conversion

Delictual actions, such as claims of conversion, have a liberative prescriptive period of one (1) year,[13] from the time that the plaintiff is or should be on notice of the alleged act of conversion.[14] In its Complaint, SLE alleges that at the time of filing, SLE knew that PCT held its equipment. Nevertheless, SLE alleges it had no knowledge of PCT's June 2008 sale of the equipment to Southern Scrap until the summer 2010. Since SLE has pled facts which, if true, begin the liberative prescriptive period within one (1) year of the filing date of the adversary Complaint, the Court finds that the cause of action for conversion has not prescribed on the face of the Complaint.

---

[12] Pleading 474.

[13] La. C.C. art. 3492; *Johnson v. Hardy*, 756 So.2d 328, 333 (La.App. 1 Cir. 1999).

[14] *Id.*

**V. Failure to Adequately Plead Causes of Action in Conversion, Fraudulent Conveyance or Transfer, and Breach of Deposit**

Southern Scrap and Fireman's Fund allege pursuant to FRCP 8(a)(2) that SLE has failed to adequately plead certain causes of action for which it seeks relief. FRCP 8(a)(2) requires only:

> "[A]short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).[15]

**A. Conversion**

Conversion is the unlawful interference with the ownership or possession of a movable. It requires proof of (1) acquisition in an unauthorized manner; (2) removal of a chattel from one place to another with the intent to exercise control over it; (3) unauthorized transfer of possession of the chattel; (4) withholding possession from the owner; (5) alteration or destruction of the chattel; (6) improper use of the chattel; or (7) assertion of ownership over the chattel.[16]

SLE alleges in the Complaint that PCT sold equipment to Southern Scrap and that by law, sellers of scrap must confirm the owner of the property. Southern Scrap contends that the law relied upon by SLE applies only to "junk," leaving a question as to the applicability of the law and the status of the equipment. However, taking SLE's facts as pled as true, SLE has sufficiently stated a claim for conversion. The legal and factual issues of whether the equipment fits the definition of "junk" are factual in nature and reserved for trial.

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1995, 1964-1965 (2007).

[16] *In re Discount Cigarette, Cigars, Etc., Inc.*, 399 B.R. 605, 616 (Bankr.M.D.La. 2009).

Southern Scrap also contends that a demand for return of the equipment by SLE was necessary since it "rightfully" had possession of the equipment. SLE, however, avers that Southern Scrap's purchase was wrongful because PCT was not the owner of the equipment. Taking the facts pled by SLE as true, SLE has sufficiently stated a claim for conversion.

**B. Fraudulent Transfer or Conveyance**

Elements of a fraudulent transfer claim under the Bankruptcy Code include (1) transfer by the debtor within two (2) years of the petition date; (2) for which the debtor received less than reasonably equivalent value; and (3) the debtor was insolvent on the date of the transfer.[17]

SLE alleged in its Fourth Cause of Action that the sale by PCT to Southern Scrap transferred an interest in SLE's property within two (2) years of the petition date for less than reasonably equivalent value. However, SLE neither stated that it was insolvent on the date the transfer was made nor alleged such facts. SLE incorporated into its Opposition a Request for Leave to File Amended Complaint and attached an Amended Complaint as an exhibit, which alleges that SLE was insolvent on the date of the transfer. No opposition has been filed to the Request for Leave to File Amended Complaint, and the Court will allow the amendment.

The Court finds that, assuming amendment, the allegations of fraudulent transfer in the Amended Complaint are sufficiently pled.

**C. Breach of Contract of Deposit**

SLE alleged in its Complaint that under Louisiana Civil Code articles 2926, *et seq.*, PCT was a depositary, and that it breached its duties to SLE. SLE also alleges that Fireman's Fund issued

---

[17] 11 U.S.C. § 548 (a)(1)(B).

an insurance policy to PCT that covers SLE's losses. The Complaint specifies the alleged policy number and effective dates of the policy.

The Complaint alleges that SLE delivered some equipment directly to PCT for refurbishing. Other equipment was purchased by PCT for the benefit of SLE, and SLE was directly invoiced by PCT. Civil Code articles 2926, *et seq.*, require merely agreement, delivery of movables for safekeeping, and obligation to return. No particular form is required.

The Court finds SLE's allegations sufficiently state a claim for relief and put Fireman's Fund on notice of the claims asserted against it.

## VI. Request for a More Definite Statement

In the alternative to its Motion to Dismiss, Fireman's Fund prays for a more definite statement of what equipment was allegedly on deposit and the date it was "lost, sold, seized, or abandoned."[18] In its Complaint, SLE has sufficiently pled the facts supporting its causes of action. Fireman's Fund, as insurer to PCT, is an a position to know of the specifics of the property and the date it was "lost, sold, seized, or abandoned" as its insured is the perpetrator of the alleged wrongdoing.

---

[18] Pleading 17, p. 15.

**V. Conclusion**

For the reasons assigned above, the Motions to Dismiss[19] filed by Southern Scrap and Fireman's Fund are denied. SLE's Request for Leave to File an Amended Complaint is granted. A separate Order will be entered in accord with these Reasons.

New Orleans, Louisiana, January 13, 2012.

Hon. Elizabeth W. Magner<br/>
U.S. Bankruptcy Judge

---

[19] Pleadings 17 and 24.